UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID DEVIGILI,

    Plaintiff,

v.                                                                                          Case No:   2:15-cv-92-FtM-DNF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, David Devigili, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that he is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, he will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit his physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that his impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If he meets this burden, he will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that his impairment meets or equals one of the impairments listed in Appendix 1, he must prove that his impairment prevents him from performing his past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of his past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform his past relevant work, then he will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, he will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200,

1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that he is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed applications for a period of disability, DIB, and SSI in October 2011, alleging disability beginning in January 2011. (Tr. 215-16, 217-22). Plaintiff's applications were denied initially on January 24, 2012, and on reconsideration on February 16, 2012. (Tr. 127, 132, 141, 146). A hearing was held before Administrative Law Judge Roxanne Fuller (the "ALJ") on August 12, 2013. (Tr. 37-65). On August 30, 2013, the ALJ issued her decision finding that Plaintiff was not under a disability from January 3, 2011, through the date of the decision. (Tr. 13-26). Plaintiff appealed the ALJ's decision and the Appeals Council denied Plaintiff's request for review on January 14, 2015. (Tr. 1). Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on February 11, 2015. The parties having filed memorandum in support of their positions, this case is ripe for review.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 3, 2011, the alleged onset date. (Tr. 15). At step two, the ALJ found that Plaintiff had the following severe impairments: intertrochanteric fracture of the right hip, partial hearing loss, vision impairment, attention deficit hyperactive disorder (ADHD), post-traumatic stress disorder (PTSD), and anxiety. (Tr. 15). At step three, the ALJ

found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: occasional climbing ramps or stairs; occasional climbing ladders, ropes or scaffolds; occasional balancing, stooping, crouching, kneeling, and crawling; occasional exposure to excessive noise; occasional exposure to moving mechanical parts; occasional operating a motor vehicle; occasional exposure to unprotected heights; limited to occupations requiring only occasional far acuity; able to perform simple, routine and repetitive tasks; able to work in a low stress job, defined as having only occasional changes in the work setting; no interaction with the public; only occasional superficial interaction with co-workers and supervisors.

(Tr. 17-18). At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a branch manager, infantry crew member, air conditioning servicer, and construction laborer. (Tr. 24). At step five, the ALJ relied on the testimony of a vocational expert to find that given Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, specifically the occupations of housekeeping cleaner, silver wrapper, and office helper. (Tr. 24). The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 3, 2011, through the date of the decision, August 30, 2013. (Tr. 25-26).

**II.     Analysis**

Plaintiff raises six issues on appeal. As set forth in Plaintiff's brief, they are: (1) the Appeals Council improperly treated social worker Aleta Fox's opinion as new evidence and improperly applied the "weight of the evidence" standard when considering this evidence, an error

of law requiring reversal of the Appeals Council's denial of review; (2) the ALJ failed to consider social worker Aleta Fox's opinion, an error of law requiring reversal and, in light of Ms. Fox's opinion, the ALJ's decision is not supported by substantial evidence; (3) the Appeals Council's denial of review is unsupported by substantial evidence, requiring reversal; (4) the ALJ's refusal to consider the VA disability finding was reversible legal error; (5) the vocational expert's testimony is inconsistent with the DOT and cannot support a finding of non-disability; and (6) the ALJ's finding that a moderate limitation in concentration, persistence, or pace only limits Plaintiff to simple, routine, repetitive tasks is contrary to Eleventh Circuit cases holding a limitation to simple, routine, repetitive tasks does not adequately account for limitations in concentration, persistence, or pace.

The Court begins with Plaintiff's arguments concerning the treatment of the evidence submitted by Plaintiff after the administrative hearing but before entry of the ALJ's decision, i.e., the opinion evidence from Plaintiff's social worker, Aleta J. Fox, LCSW. Plaintiff argues that the Appeals Council erred by improperly treating this evidence as "new" evidence and by applying an improper legal standard in denying Plaintiff's request for review. Plaintiff also contends that the ALJ erred by failing to consider this evidence before entering her decision denying Plaintiff benefits. Defendant responds that the Appeals Council applied the correct legal standard in denying review of the ALJ's decision and that substantial evidence supports the ALJ's decision, even in light of Ms. Fox's opinion.

The record indicates that Plaintiff submitted Ms. Fox's opinion to the ALJ on October 28, 2013, just sixteen days after the administrative hearing, and two days before the exceptionally speedy entry of the ALJ's decision on August 30, 2013. The document is not listed as an exhibit the ALJ reviewed in her deliberations nor is Ms. Fox's opinion mentioned in the ALJ's decision.

As acknowledged by Defendant, the ALJ apparently never actually reviewed the evidence as it was submitted so close in time to the date of the ALJ's decision.

Defendant contends reversal is not required by the mere fact that the ALJ did not review or assign weigh to an opinion submitted on the eve of her decision, as the agency routinely accomplishes review of evidence received post-hearing through the Appeals Council. (Doc. 20 p. 7). According to Defendant, Ms. Fox's opinion was "new" in the sense that the agency had not considered it until it came to the Appeals Council's attention, and that the Appeals Council was not required to discuss Ms. Fox's opinion in any detail. (Doc. 20 p. 7) (citing *Mitchell v. Comm'r of Soc. Sec.*, 771 F.3d 780, 783-85 (11th Cir. 2014).

The Court rejects these contentions. The determination of a claimant's RFC is an administrative determination that is reserved to the ALJ at the hearing level. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c); Social Security Ruling (SSR) 96-5p. An ALJ must determine the Plaintiff's RFC using **all** of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004); 20 C.F.R. §404.1520(e) (emphasis added).

In this case, the ALJ's decision was not based on all of the relevant evidence of record at the time she entered her decision. Accordingly, the Court finds that the ALJ erred and will remand for the evidence from Ms. Fox to be considered. While Defendant claims that the ALJ's failure to review Ms. Fox's opinion was cured by the Appeals Council's subsequent review, Defendant cites to no authority supporting its claim that evidence is "new" by the fact that the ALJ did not consider it at the hearing level. While the timeline of this case makes the ALJ's failure to consider Ms. Fox's opinion understandable, it does not change the fact that a piece of evidence properly in the record was not considered as required by law. Accordingly, the Court finds it appropriate to remand this with instructions for the ALJ to properly consider the opinion of Ms. Fox.

As the ALJ's consideration of Ms. Fox's opinion may alter his RFC finding, the Court defers from addressing the remaining issues raised by Plaintiff.

**III.     Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**.  The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 11, 2015.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties